**JUDGE ROBINSON**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**SULLIVAN, WARD, ASHER & PATTON, P.C.**
25800 Northwestern Hwy., Suite 1000
Southfield, Michigan 48075
Telephone: 248.746.0700
Facsimile: 248.746.2760
**Attorneys of Record for Plaintiff**
David J. Selwocki (DS1018)



08 CIV 6330

SHEET METAL WORKERS INTERNATIONAL
ASSOCIATION LOCAL NO. 38 VACATION FUND,
SHEET METAL WORKERS INTERNATIONAL
ASSOCIATION LOCAL NO. 38 INSURANCE AND
WELFARE FUND, SHEET METAL WORKERS
INTERNATIONAL ASSOCIATION LOCAL NO. 38
PROFIT SHARING PLAN, SHEET METAL WORKERS
LOCAL 38 LABOR MANAGEMENT COMMITTEE
AND TRUST, SHEET METAL WORKERS LOCAL 38
CRAFT TRAINING FUND, SHEET METAL WORKERS
NATIONAL PENSION FUND, SHEET METAL WORKERS
LOCAL 38 CRAFT TRAINING BUILDING FUND, TRUST
FUNDS established and administered pursuant to federal law,

    Plaintiffs,

vs.

Case No.: 08-cv-
Judge

DFS HEATING & AIR CONDITIONING CORPORATION,
INC., PAUL GROBELNY and THOMAS COFFEY, Individually,

    Defendants.
_____/

## COMPLAINT

**NOW COME** the above-named Plaintiffs, by and through their attorneys, **SULLIVAN, WARD, ASHER & PATTON, P.C.**, and for their Complaint against Defendants, DFS HEATING & AIR CONDITIONING CORPORATION, INC., PAUL GROBELNY and THOMAS COFFEY, Individually, state as follows:

1. Plaintiffs SHEET METAL WORKERS INTERNATIONAL ASSOCIATION LOCAL NO. 38 VACATION FUND, SHEET METAL WORKERS INTERNATIONAL ASSOCIATION LOCAL NO. 38 INSURANCE AND WELFARE FUND, SHEET METAL WORKERS INTERNATIONAL ASSOCIATION LOCAL NO. 38 ANNUITY FUND, SHEET METAL NATIONAL PENSION FUND; SHEET METAL CONTRACTORS INDUSTRY FUND; SHEET METAL WORKERS LOCAL 38 LABOR MANAGEMENT COMMITTEE AND TRUST, SHEET METAL WORKERS LOCAL 38 CRAFT TRAINING FUND, SHEET METAL WORKERS LOCAL 38 CRAFT TRAINING BUILDING FUND, TRUST FUNDS ("FUNDS"), have administrative offices in the City of Brewster, New York.

2. Defendant DFS HEATING & AIR CONDITIONINING CORPORATION INC., is a New York Corporation that has a place of business and conducts business in the State of New York (hereinafter "DFS HEATING").

3. Defendants PAUL GROBELNY and THOMAS COFFEY (hereinafter "GROBELNY" and "COFFEY" respectively) are individuals who are the principal owners/officers of the corporate Defendant. The Individual Defendants are responsible for running the day-to-day operations of the company and responsible for all its decisions pertaining to the payment of contributions to the Funds, including decisions whether to pay contributions.

4. The Individual Defendants are employers or agents of an employer engaged in commerce and in an industry or activity affecting commerce as defined in §501(1) and (3) of the LMRA, 29 USC §142(1) and (3), and within the meaning of §301(A) of the LMRA, 29 USC §185(A), or the agents acting in the interest of such an employer as defined in §501(3) of the LMRA, 29 USC §142(3). The Individual Defendant is an employer within the meaning of §3(5) of ERISA, 29 USC §1002(5) and is thus obligated to make contributions to a multi-employer Plan within the meaning of 29 USC §1145.

5. The Plaintiff FUNDS are administered by a Joint Board of Trustees, pursuant to the terms and provisions of their respective Agreements and Declarations of Trust. The Plaintiff

FUNDS have been established pursuant to a Collective Bargaining Agreement heretofore entered into between Local Union No. 38, (hereinafter referred to as "Union") and certain Employers and Employer Associations, whose members employ members of the Union, and are required to be maintained and administered in accordance with the provisions of the LMRA, ERISA and other applicable state and federal laws.

6. At all times relevant hereto, Defendant DFS HEATING was signatory to a Collective Bargaining Agreement with the Union.

7. Plaintiff FUNDS are third-party beneficiaries of the Collective Bargaining Agreement.

8. Pursuant to the terms and provisions of the Collective Bargaining Agreement between DFS HEATING, and the Union, DFS HEATING, agreed to pay, in addition to wages, employee fringe benefit contributions to the FUNDS for each employee employed by DFS HEATING, and covered by the Agreement.

9. Pursuant to the provisions of the Plans of the Fringe Benefit Funds, contributions become vested Plan assets when due.

10. That pursuant to the Collective Bargaining Agreement, when such submission of payments and contributions are not timely made, the signatory employer is charged with liquidated damages and the costs of collection.

11. That pursuant to the Collective Bargaining Agreement, the trustees are authorized and empowered to examine and copy the payroll records and books of a signatory employer to permit the trustees to determine whether such employer is making the appropriate contributions under the Agreement.

12. That Plaintiffs are entitled as a matter of law to enforce collection of such delinquent fringe benefits pursuant to 29 USC §1132(g)(2) and Section 1145.

3

13. This court has jurisdiction pursuant to Section 301 of the LMRA, 29 USC §185, this being an action arising out of a Collective Bargaining Agreement between a labor organization and an employer.

### COUNT I – Breach of Collective Bargaining Agreement
### And Violation of 29 USC §1145

14. Plaintiffs reallege and incorporate the allegations set forth in paragraphs 1 through 13 above as though fully set forth herein.

15. That notwithstanding its contractual obligations, Defendant, DFS HEATING has failed and refused to pay its obligations and thus has violated the Collective Bargaining Agreement.

16. Specifically, an audit was conducted and completed on the Defendant, DFS HEATING on March 5, 2008, covering the time period of January 2004, through December 2006, indicating a due and owing balance of $101,251.22 in unpaid employee benefit contributions.

17. Plaintiff FUNDS are without adequate remedy at law and will suffer immediate, continuing and irreparable injury, loss and damage unless Defendants are ordered to specifically perform all obligations on Defendant's part required to be performed under the Collective Bargaining Agreement and is restrained from continuing to refuse to perform as thereunder required.

**WHEREFORE**, Plaintiff FUNDS request that this Honorable Court grant the following relief:

A. Order an injunction against Defendants restraining them from continuing violations of the Collective Bargaining Agreement as set forth above;

B. Enter a Judgment in favor of Plaintiff FUNDS against Defendant, DFS HEATING & AIR CONDITIONING CORPORATION INC., in the amount of $101,251.22, together with any liquidated damages thereon, accumulated interest, actual attorney fees, court costs, audit and other collection costs and such other sums as may become due to the FUNDS during the pendency of this action;

4

C. Enter an Order that jurisdiction of this matter be retained pending compliance with the court's Orders; and

D. Order a complete audit of Defendants' books and records.

E. Any such other, further, or different relief as may be just and equitable under the circumstances.

### COUNT II – Breach of Fiduciary Duties

18. Plaintiffs reallege and incorporate the allegations set forth in paragraphs 1 through 17 above as though fully set forth herein.

19. GROBELNY and COFFEY are fiduciaries with respect to the various Fringe Benefit Plans within the meaning of ERISA, 29 U.S.C. §1002(21)(A) in that they exercised discretionary authority or control respecting management or disposition of assets of the Plans.

20. By engaging in the acts and omissions described, GROBELNY and COFFEY have breached their fiduciary duty regarding the Funds within the meaning of 29 U.S.C. §1104(a)(1)(A).

21. Individual Defendants, GROBELNY and COFFEY are personally liable based on breaching their fiduciary duties pursuant to 29 USC §1109(a).

**WHEREFORE**, Plaintiff FUNDS request that this Honorable Court grant the following relief:

A. Order an injunction against Defendants restraining them from continuing violations of the Collective Bargaining Agreement as set forth above;

B. Enter a Judgment in favor of Plaintiff FUNDS against Defendant DFS HEATING & AIR CONDITIONING CORPORATION INC., PAUL GROBELNY and THOMAS COFFEY, for all unpaid fringe benefit contributions, together with any liquidated damages thereon, accumulated interest, actual attorney fees, court costs, audit and other collection costs and such other sums as may become due to the FUNDS during the pendency of this action;

C. Enter an Order that jurisdiction of this matter be retained pending compliance with the court's Orders; and

D. Order a complete audit of Defendants' books and records.

E.  Any such other, further, or different relief as may be just and equitable under the circumstances.

Respectfully Submitted,

**SULLIVAN, WARD, ASHER,
& PATTON, P.C.**

By: _____
DAVID J. SELWOCKI DS1018
Attorneys for Plaintiffs
25800 Northwestern Highway
PO Box 222
Southfield MI  48037-0222
(248) 746-0700

Dated:     July 11, 2008

W0637514/S23-117811

6